UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

LEONARDO MEDINA,

                  Plaintiff,

-against-

CITY OF NEW YORK, et al.,

                  Defendants.

1:24-CV-8098 (LTS)

ORDER TO AMEND

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Leonardo Medina, who appears *pro se* and filed the complaint commencing this civil action while he was held in the Rose M. Singer Enhanced Supervised Housing Unit on Rikers Island, brings this action asserting that the defendants violated his federal constitutional rights.[1] He seeks damages and injunctive relief, and he sues: (1) the City of New York; (2) Correction Captain Washington, who, he alleges, is assigned to the Otis Bantum Correctional Center ("OBCC"), also on Rikers Island; (3) Correction Officer Rucker, also allegedly assigned to the OBCC; (4) Correction Officer Jones, also allegedly assigned to the OBCC; (5) unidentified "John Doe Intake Staff Supervisor [OBCC]"; and (6) unidentified "John Doe Intake Staff Officer [OBCC]." The Court construes Plaintiff's complaint as asserting claims under 42 U.S.C. § 1983 and under state law.

By Order dated October 30, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth below, the Court grants Plaintiff leave to file an amended complaint within 60 days of the date of this Order.

---

[1] It appears that Plaintiff has since been released into parole supervision.

**STANDARD OF REVIEW**

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits—to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Id*. But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Id.* (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the Court must determine

whether those facts make it plausible—not merely possible—that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff alleges the following: On August 4, 8, 11, and 14, 2024, while he was held in the OBCC, that facility's staff demonstrated "deliberate indifference as well as other constitutional violations when [they] . . . moved Plaintiff to [a] location against facility security rules and procedure (SRG separation [protocol]) knowing of [a] substantial risk of harm [to him]" and that the staff demonstrated "[d]eficient management of subordinates as well as deprivations of equal rights." (ECF 1, at 4.)

Plaintiff was:

denied food and was deadlocked in [an] unsafe environment. By the time the officer arrived to move Plaintiff[,] he had endured urine, feces, as well as other chemical agents thrown on him through . . . [his cell] slot with no way of stop[p]ing the onslaught of harassment (which lasted hours without . . . [any] response by staff.)

(*Id.*) OBCC staff members "showed a clear indifference to [the] safety of Plaintiff [b]y not securing the area before any movement (walking Plaintiff through without locking the house in)." (*Id.*) As a result, "Plaintiff suffered slashings . . . as well as a [d]iscplinary infraction." (*Id.*)

Plaintiff "has made at least [seven] inquiries as to these violations with no response from staff." (*Id.* at 5.) In addition, he has been "denied the right to a fair hearing, [was] never given a written disposition[,] [which] hinder[s] [his] right to [administratively] appeal, [and] staff [has] ignore[d] and harass[ed] [him] because of his inquires." (*Id.*) Specifically, OBCC staff members have told him, in the context of his request for a written disposition of his administrative disciplinary matter, that "'[you're] go[ing] [to] be found guilty anyway' and then 'you should be good[,] why you keep asking for a written disposition?'" (*Id.*) Plaintiff alleges that staff members said this to him in an effort "to sweep violations under [the] rug." (*Id.*) Plaintiff states that

3

"Officer Rucker as well as Captain Washington show[ed] a clear indifference to [a] risk of violations such as due process, First[,] Sixth[,] and Fourteenth Amendments access . . . and a deficient management of subordinates." (*Id.*)

## DISCUSSION

**A.     Claims under 42 U.S.C. § 1983 against the City of New York**

The Court must dismiss Plaintiff's claims under 42 U.S.C. § 1983 against the City of New York. When a plaintiff sues a municipality, such as the City of New York, under Section 1983, it is not enough for the plaintiff to allege that one of the municipality's employees or agents engaged in some wrongdoing. The plaintiff must show that the municipality itself caused the violation of the plaintiff's rights. *See Connick v. Thompson*, 563 U.S. 51, 60 (2011) ("A municipality or other local government may be liable under this section [1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation." (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 692 (1978))); *Cash v. Cnty. of Erie*, 654 F.3d 324, 333 (2d Cir. 2011). In other words, to state a claim under Section 1983 against a municipality, the plaintiff must allege facts showing: (1) the existence of a municipal policy, custom, or practice; and (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights. *Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *see Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 403 (1997) (internal citations omitted).

Plaintiff alleges nothing to suggest that a policy, custom, or practice of the City of New York caused a violation of his federal constitutional rights. Thus, Plaintiff fails to state a claim under Section 1983 against the City of New York, and the Court dismisses such claims for that reason. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). Because Plaintiff is appearing *pro se*, however, the Court grants him leave to replead in an amended complaint in which he names the City of New

4

York as a defendant and alleges facts sufficient to state a claim under Section 1983 against the City of New York.

**B.        Personal involvement of the individual defendants**

The Court must also dismiss Plaintiff's claims under Section 1983 against the individual defendants. To state such a claim, a plaintiff must allege facts showing each individual defendant's direct and personal involvement in the alleged constitutional deprivation. *See Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) ("It is well settled in this Circuit that personal involvement of defendants in the alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." (internal quotation marks and citation omitted)). A defendant may not be held liable under Section 1983 solely because that defendant employs or supervises a person who violated the plaintiff's rights. *See Iqbal*, 556 U.S. at 676 ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*."). Rather, "[t]o hold a state official liable under § 1983, a plaintiff must plead and prove the elements of the underlying constitutional violation directly against the official." *Tangreti v. Bachmann*, 983 F.3d 609, 620 (2d Cir. 2020).

Plaintiff does not allege facts sufficient to show how the individual defendants were personally and directly involved in any of the alleged violations of his federal constitutional rights. The Court therefore dismisses Plaintiff's claims under Section 1983 against the individual defendants for failure to state a claim on which relief may be granted. *See* § 1915(e)(2)(B)(ii). In light of Plaintiff's *pro se* status, however, the Court grants Plaintiff leave to replead his claims against the individual defendants, or against other individual OBCC staff members, in an amended complaint in which he names those individuals as defendants and alleges facts showing each of those individuals' direct and personal involvement in the alleged violations of his federal constitutional rights.

### C. Claims under Section 1983 arising from conditions of confinement

The Court understands Plaintiff's complaint as asserting claims, under Section 1983, arising from Plaintiff's conditions of confinement while Plaintiff was confined in the OBCC. He asserts that, at the time of the alleged events, he was a pretrial detainee, as opposed to a convicted prisoner. (ECF 1, at 2.) His custody status at the time of the alleged events is important because, if he was a pretrial detainee, these claims arise under the Due Process Clause of the Fourteenth Amendment; if he was a convicted prisoner, these claims arise under the Cruel and Unusual Punishments Clause of the Eighth Amendment. *Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979); *Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017). Regardless of whether Plaintiff was a pretrial detainee or convicted prisoner, he must satisfy the following two elements to state a conditions-of-confinement claim under Section 1983: (1) an "objective" element, which requires a showing that the challenged conditions of confinement were sufficiently serious, and (2) a "subjective" or "mental" element, which requires a showing that the defendant correction or custodial official acted with at least deliberate indifference to the challenged conditions. *Darnell*, 849 F.3d at 29-33.

The objective element of a conditions-of-confinement claim is the same for pretrial detainees and convicted prisoners— "the inmate must show that the conditions, either alone or in combination, pose[d] an unreasonable risk of serious damage to his health" or safety, which "includes the risk of serious damage to 'physical and mental soundness.'" *Id.* at 30 (quoting *Walker v. Schult*, 717 F.3d 119, 125 (2d Cir. 2013), and *LaReau v. MacDougall*, 473 F.2d 974, 978 (2d Cir. 1972)); *see also Farmer v. Brennan*, 511 U.S. 825, 828 (1994) ("A prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment."). "[O]fficials violate the Constitution when they deprive an inmate of his basic

6

human needs such as food, clothing, medical care, and safe and sanitary living conditions." *Walker*, 717 F.3d at 125 (internal quotation marks and citation omitted).

The second element—the "subjective" or "mental" element—varies depending on whether the plaintiff was a pretrial detainee or convicted prisoner at the time of the alleged events. A convicted prisoner must allege that a correction or custodial official "'kn[e]w[] of and disregard[ed] an excessive risk to inmate health or safety; the official must [have been] both . . . aware of facts from which the inference could [have] be[en] drawn that a substantial risk of serious harm exist[ed], and he must also [have] draw[n] the inference.'" *Darnell*, 849 F.3d at 32 (quoting *Farmer*, 511 U.S. at 837). A pretrial detainee must allege that "the defendant-official acted intentionally to impose the alleged condition, or recklessly failed to act with reasonable care to mitigate the risk that the condition posed to the pretrial detainee even though the defendant-official knew, or should have known, that the condition posed an excessive risk to health or safety." *Id.* at 35. The mere negligence of an official is not a basis for a claim of a federal constitutional violation under Section 1983. *See Daniels v. Williams*, 474 U.S. 327, 335-36 (1986); *Davidson v. Cannon*, 474 U.S. 344, 348 (1986). While Plaintiff alleges that he was a pretrial detainee at the time of the alleged events, because he is currently under parole supervision, it is possible that, at the time of the alleged events, he was actually a convicted prisoner who had been previously under parole supervision and then reincarcerated due to being accused of violating the conditions of parole, which may have arisen from a new criminal arrest. The United States Court of Appeals for the Second Circuit has "not addressed where parolees fall on the [deliberate-indifference] continuum" mentioned above. *Horace v. Gibbs*, 802 F. App'x 11, 14 (2d Cir. 2020) (summary order).

Regardless of whether Plaintiff was a pretrial detainee, a convicted prisoner, or a parolee at the time of the alleged events, and even if the Court were to conclude, for the purposes of this Order, that Plaintiff's allegations satisfy the objective element of an Eighth Amendment or Fourteenth Amendment conditions-of-confinement claim under Section 1983, Plaintiff has alleged no facts showing, under either applicable abovementioned standard, that any of the individual defendants was at least deliberately indifferent with respect to the alleged events. The Court therefore dismisses Plaintiff's conditions-of-confinement claims, asserted under Section 1983, for failure to state a claim on which relief may be granted. *See* § 1915(e)(2)(B)(ii). The Court, however, grants Plaintiff leave to replead these claims in an amended complaint in which he alleges facts sufficient to state such a claim arising from his conditions of confinement while he was held in the OBCC during the abovementioned dates.

## LEAVE TO AMEND

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts to state a valid claim under Section 1983, the Court grants Plaintiff 60 days' leave to amend his complaint to detail his claims under Section 1983, as specified above.

First, Plaintiff must name as the defendant(s) in the caption[2] and in the statement of claim those individuals who were allegedly directly and personally involved in the deprivation of his federal constitutional rights. If Plaintiff does not know the name of a defendant, he may refer to that individual as "John Doe" or "Jane Doe" in both the caption and the body of the amended complaint.[3] The naming of "John Doe" or "Jane Doe" defendants, however, does *not* toll the three-year statute of limitations period governing claims under Section 1983 and Plaintiff shall be responsible for ascertaining the true identity of any "John Doe" or "Jane Doe" defendants and amending his complaint to include the identity of any "John Doe" or "Jane Doe" defendants before the statute of limitations period expires. Should Plaintiff seek to add a new claim or party after the statute of limitations period has expired, he must meet the requirements of Rule 15(c) of the Federal Rules of Civil Procedure.

In the "Statement of Claim" section of the amended complaint form, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant. If Plaintiff has an address for any named defendant, he must provide it. Plaintiff should include all of the information in the amended complaint that he wants the Court to consider in deciding whether the amended complaint states a claim for relief. That information should include:

---

[2] The caption is located on the front page of the amended complaint. Each individual defendant must be named in the caption. Plaintiff may attach additional pages if there is not enough space to list all of the defendants in the caption. If Plaintiff needs to attach an additional page to list all defendants, he should write "see attached list" on the first page of the amended complaint. Any defendants named in the caption must also be discussed in Plaintiff's statement of claim.

[3] For example, a defendant may be identified as: "Correction Officer John Doe #1 on duty on August 31, 2025, at the OBCC clinic, during the 7 a.m. to 3 p.m. shift."

9

    a) the names and titles of all relevant people;

    b) a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

    c) a description of the injuries Plaintiff suffered; and

    d) the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated his federally protected rights; how, when, and where such violations occurred; and why Plaintiff is entitled to relief.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

## CONCLUSION

The Court grants Plaintiff leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within 60 days of the date of this Order, caption the document as an "Amended Complaint," and label the document with docket number 1:24-CV-8098 (LTS). An Amended Civil Rights Complaint form is attached to this Order. No summonses will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the Court will dismiss this action; the Court will dismiss, for failure to state a claim on which relief may be granted, *see* 28 U.S.C. § 1915(e)(2)(B)(ii), Plaintiff's claims under Section 1983, and the Court will decline to consider, under its supplemental jurisdiction, Plaintiff's claims under state law, pursuant to 28 U.S.C. § 1367(c)(3).

Plaintiff may receive court documents by email by completing the attached form, Consent to Electronic Service.[4]

The City Bar Justice Center ("CBJC") operates the SDNY Federal Pro Se Legal Assistance Project to assist self-represented parties with civil cases in this court. Appointments can be scheduled by phone (212-382-4794), email (fedprosdny@nycbar.org), or by completing the intake form. A flyer with details is attached.[5]

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith and, therefore, IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   November 6, 2025
         New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge

---

[4] If Plaintiff consents to receive documents by email, Plaintiff will no longer receive court documents by regular mail.

[5] The CBJC is a private organization that is not part of the court, and the CBJC's SDNY Federal Pro Se Legal Assistance Project cannot accept filings on behalf of the court.